## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTWAIN WILLIAMS,

       *Plaintiff,*

vs.

       Case No. 25-cv-2692-EFM-ADM

CERTAINTEED LLC,

       *Defendant.*

### MEMORANDUM AND ORDER

This matter comes before the Court on pro se Plaintiff Antwain Williams' Motion to Remand (Doc. 14) and Defendant CertainTeed LLC's Motion for Leave to Amend Notice of Removal (Doc. 24). For the reasons discussed below, the Court denies Plaintiff's Motion to Remand and denies Defendant's Motion for Leave to Amend Notice of Removal as moot.

### I.        Factual and Procedural Background

Plaintiff Antwain Williams, a Kansas citizen, is a former employee of Defendant. Defendant is an LLC organized under Delaware law. Defendant's sole member is CertainTeed Holding Corporation, which is incorporated in Delaware and has a principal place of business in Pennsylvania.

On February 4, 2025, Defendant terminated Plaintiff's employment for allegedly lying on his timecard. On October 30, 2025, Plaintiff filed a Complaint in the District Court of Wyandotte County, Kansas. The Complaint asserted claims for wrongful termination and disparate

treatment/race discrimination in violation of Title VII of the Civil Rights Act and a claim for disparate treatment/race discrimination in violation of the Kansas Act Against Discrimination ("KAAD"). On November 24, 2025, Defendant removed the action to this Court based on federal question jurisdiction and supplemental jurisdiction. Defendant answered Plaintiff's Complaint on November 26, 2025.

On December 8, 2025, Plaintiff filed an Amended Complaint abandoning his Title VII claims and leaving his KAAD claims. The next day, pursuant to the standard District of Kansas Scheduling Order, Plaintiff communicated a settlement demand to Defendant in an amount exceeding $75,000.

On December 15, 2025, Plaintiff filed a Motion to Remand the case on the basis that the Court no longer has federal question jurisdiction. Defendant filed a response to Plaintiff's Motion, and at the same time, filed a Motion for Leave to Amend Notice of Removal.

## II.    Legal Standard

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[1] The removal must contain a "short and plain statement of the grounds for removal" and must "be filed within 30 days after the receipt by the defendant" of the state court complaint.[2]

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[3] Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases "arising

---

[1] 28 U.S.C. § 1441(a).

[2] 28 U.S.C. § 1446(a)-(b).

[3] *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir.2012)).

under" the Constitution and laws of the United States, regardless of the amount in controversy (federal question jurisdiction). "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[4] Additionally, under 28 U.S.C. § 1332, federal courts also have jurisdiction over civil actions where there is a diversity of citizenship. To invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.[5]

### III.    Analysis

Plaintiff does not challenge Defendant's removal of this case to federal court. Instead, he seeks to remand this case on the basis that it no longer has federal question jurisdiction. Defendant opposes Plaintiff's Motion to Remand and contends that the Court may, and should, exercise supplemental jurisdiction over Plaintiff's state law claims. In the alternative, Defendant asks the Court for leave to amend its Notice of Removal. The Court will first address Plaintiff's Motion to Remand.

### A.    Motion to Remand

Under 28 U.S.C. § 1447(c), a federal district court must remand an action removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[6] The removing defendant bears the burden to demonstrate that removal was

---

[4] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[5] 28 U.S.C. § 1332; *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

[6] 28 U.S.C. § 1447(c).

proper by showing that the federal court had jurisdiction.[7] When ruling on a motion to remand, the district court must look at the plaintiff's complaint at the time the notice of removal was filed.[8]

Here, Defendant has met its burden to show that removal was proper. Under 28 U.S.C. § 1446(b), a defendant has 30 days to remove a case to federal court after being served with a state court petition. Defendant filed its removal notice within the required 30 days.

Furthermore, the Complaint properly conferred federal question jurisdiction. Plaintiff's Complaint asserted a claim under Title VII, which is a federal law that created Plaintiff's cause of action.[9] The Court also had supplemental jurisdiction over Plaintiff's KAAD claims. A district court with federal question jurisdiction may exercise supplemental jurisdiction over state law claims that derive from the "common nucleus of operative fact" as the federal claim.[10] Plaintiff's KAAD claims arise from the same nucleus of operative fact as his Title VII claim—his termination of his employment. The Court thus could exercise supplemental jurisdiction over Plaintiff's state law claim. Accordingly, Defendant properly removed the action to this Court.

Plaintiff argues that the Court must remand the case because the Court no longer has subject matter jurisdiction. He contends that because his Amended Complaint no longer asserts a federal claim, the Court no longer has federal question jurisdiction. However, as the Court noted above, on a motion to remand, the Court examines the complaint at the time the notice of removal was

---

[7] *Ruiz v. Farmers Ins. Co.*, 757 F. Supp. 1196, 1197 (D. Kan. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[8] *Id.* (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. denied*, 484 U.S. 1021 (1988)).

[9] *See Morris*, 39 F.3d at 1111 (stating that a case arises under federal law if the complaint establishes that federal law creates the cause of action) (citation omitted).

[10] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367.

-4-

filed.[11] And, if "federal question jurisdiction existed at the time of removal, [a district court] has discretion to exercise supplemental jurisdiction over state law claims which are part of the same case or controversy as federal claims which have been dismissed."[12] Thus, even though Plaintiff no longer asserts a Title VII claim, the Court may exercise its discretion to assert supplemental jurisdiction over Plaintiff's state law claim. Therefore, subject matter jurisdiction still exists, and the Court is not required to remand the case under § 1447(c).[13]

When deciding whether to assert supplemental jurisdiction, courts must look to whether remand would "promote values of economy, convenience, fairness, and comity."[14] Often, these factors weigh against exercising supplemental jurisdiction.[15] In this case, however, they weigh in favor of it.

Defendant asserts, and the Court agrees, that since Plaintiff filed his Complaint, it has become apparent that the Court has diversity jurisdiction. The parties are diverse. Plaintiff is a Kansas citizen; Defendant is an LLC organized under Delaware law. Defendant's sole member is CertainTeed Holding Corporation, which is incorporated in Delaware and has a principal place of business in Pennsylvania. Furthermore, on December 9, 2025, Plaintiff communicated a settlement demand to Defendant for an amount in excess of 75,000. Thus, because the amount in controversy

---

[11] *Ruiz*, 757 F. Supp. at 1197 (citation omitted).

[12] *Howard v. Burlington Coat Factory, LLC*, 2007 WL 2746784, at *3 (D. Kan. Sept. 20, 2007) (citing 28 U.S.C. § 1367(a) and (c)); *New Mexico v. Gen. Elec. Co.*, 467 F .3d 1223, 1242 n.29 (10th Cir. 2006)).

[13] *Howard*, 2007 WL 2746784, at 3 n.2; *see also Colo. Civil Rights Comm'n v. 1950 Logan Condos Condo. Ass'n*, 2013 WL 6858821, at *1 (D. Colo. Dec. 30, 2013) ("[W]hen all federal claims giving rise to jurisdiction pursuant to § 1331 are dismissed, the [d]istrict [c]ourt retains its statutory supplemental jurisdiction over the state-law claims." (internal quotations and citations omitted)).

[14] *Howard*, 2007 WL 2746784, at *3 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988)).

[15] *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")

requirement is now satisfied,[16] the Court has diversity jurisdiction over the action. Were the Court to remand the case, Defendant would have viable grounds for removing it again. Thus, it would be a waste of judicial resources to remand the action only for it to be removed again.[17] Therefore, the Court exercises supplemental jurisdiction over Plaintiff's state law claim and denies Plaintiff's Motion to Remand.

## B.    Defendant's Motion for Leave to Amend Notice of Removal

Defendant moves for leave to amend its Notice of Removal as an alternative basis for the Court to retain jurisdiction over the case. Defendant's proposed Amended Notice of Removal asserts that the Court has subject matter jurisdiction based on diversity jurisdiction instead of federal question jurisdiction. However, the Court need not rule on this Motion because it exercises it discretion to assert supplemental jurisdiction over Plaintiff's KAAD claims.[18] Therefore, Defendant's Motion is denied as moot.

---

[16] *See Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1249 (D.N.M. Sept. 30, 2017) ("[A] defendant may rely on the plaintiff's proposed settlement amount if it appears to reflect a reasonable estimate of the plaintiff's claim, because the plaintiff's own estimation of its claim is a proper means of supporting the allegations in the notice of removal."). Additionally, in Defendant's proposed Amended Notice of Removal, Defendant asserts that KAAD allows for the recovery of lost wages, and Plaintiff's lost wage claim through the end of 2026 would be approximately $ 88,700.

[17] *See* 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3733 (Rev. 4th ed. updated Sept. 2025) ("When events after removal do not oust the court of jurisdiction but do eliminate the jurisdictional basis upon which the removal was predicated—as, for example, when the plaintiff drops its federal-question claims—the courts should recognize that the case may remain in federal court and that no amendment of the removal notice is necessary to enable the case to do so.").

[18] Even if the Court were to consider Defendant's Motion on the merits, it must be denied. "A defendant generally may not cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal." *Colo. Ins. Guar. Assoc. v. United Artists Theater Circuit, Inc.*, 2016 WL 8578095, at *5 (D. Colo. Jan. 12, 2016) (citation omitted); *see also* Wright & Miller § 3733 ("[D]efendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal."). Thus, Defendant's amendment to the Notice of Removal to assert diversity jurisdiction as a new basis for subject matter jurisdiction would be improper.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 14) is **DENIED**. The Court retains supplemental jurisdiction over Plaintiff's KAAD claims.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Amend Notice of Removal (Doc. 24) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 2nd day of February, 2026.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE